UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAWANDA COLEMAN** *Plaintiffs* | **CIVIL ACTION NO.: 2021-512** |
| | **SECTION:** |
| **VS.** | **JUDGE:** |
| **LOUISIANA CVS PHARMACY, L.L.C. #1116, LOUISIANA CVS PHARMACY, L.L.C., CVS PHARMACY, L.L.C., CRAWFISH, LLC. and XYZ INSURANCE COMPANY** *Defendants* | **MAGISTRATE:** |

## **NOTICE OF REMOVAL**

Defendant, Louisiana CVS Pharmacy, L.L.C. ("Louisiana CVS") hereby removes this action to the United States District Court for the Middle District of Louisiana on the following grounds:

1.

On July 26, 2021, Plaintiff, Kawanda Coleman ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge entitled "*Kawanda Coleman v. Louisiana CVS Pharmacy, L.L.C. #1116, Louisiana CVS Pharmacy, L.L.C., CVS Pharmacy, L.L.C., Crawfish, LLC. and XYZ Insurance Company*", bearing docket number C-709995 (the "Petition").

2.

The Petition for Damages and Citation issued by the 19th Judicial District Court was served through Defendant's registered agent for service of process, CT Corporation System, on August 5, 2021 **(Exhibit "A")**.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because Louisiana CVS is removing this action to the District Court for the district and division embracing East Baton Rouge Parish, Louisiana, where the Petition was filed.

## DIVERSITY OF CITIZENSHIP JURISDICTION

4.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the properly joined parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, although Louisiana CVS denies any liability whatsoever.

5.

Plaintiff alleges she is domiciled in the State of Louisiana.[1]  Therefore, Plaintiff is a citizen of the State of Louisiana.

6.

Defendant, Louisiana CVS Pharmacy, LLC is a limited liability company organized under the laws of the State of Louisiana.

7.

The citizenship of a limited liability company is determined by the citizenship of its members.[2]  The sole member of Louisiana CVS Pharmacy, LLC is CVS Pharmacy, Inc.,

---

[1] Exhibit A – Plaintiffs' Petition for Damages, p. 1.
[2] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015 (1990).

which is a Rhode Island corporation with its principal place of business in Rhode Island. Pursuant to 28 U.S.C. § 1332, a "a corporation shall be deemed to be a citizen of every State …by which it has been incorporated and of the State … where it has its principal place of business."  Therefore, Louisiana CVS is a citizen of Rhode Island.

8.

Defendant, Crawfish, LLC is a limited liability company organized under the laws of the State of Louisiana.

9.

The sole member of Crawfish, LLC is Crawfish Holdings, LLC, which is a limited liability company organized under the laws of the State of Texas.  Upon information and belief, the sole member of Crawfish Holdings, LLC is Maples Fiduciary Services (Delaware), Inc. a Delaware corporation with its principal place of business in Delaware. Thus, Crawfish, LLC is a citizen of Delaware.

10.

Because Louisiana CVS Pharmacy, L.L.C. #1116 and CVS Pharmacy, L.L.C. are not proper parties to this litigation, the citizenship of these two entities need not be considered. However, if they were, complete diversity of citizenship still exists because, to Louisiana CVS's knowledge, there is no CVS Pharmacy, L.L.C. #1116 and CVS Pharmacy, LLC is a citizen of Rhode Island.[3]

---

[3] CVS Pharmacy, Inc. (improperly named in Plaintiff's Petitions as CVS Pharmacy, L.L.C.) is a Rhode Island corporation with its principal place of business in Rhode Island.  Pursuant to 28 U.S.C. § 1332, a "a corporation shall be deemed to be a citizen of every State …by which it has been incorporated and of the State … where it has its principal place of business."  Therefore, CVS Pharmacy, Inc. is a citizen of Rhode Island.

11.

Plaintiff also names a fictitious entity as a defendant, XYZ Insurance Company. Pursuant to 28 U.S.C. §1441(b)(1), the citizenship of a defendant sued under fictitious names should not be considered when determining diversity jurisdiction.

**AMOUNT IN CONTROVERSY**

12.

Although Louisiana CVS denies any liability, the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.

In the Petition for Damages, Plaintiff seeks to recover compensatory damages for personal injuries resulting from an alleged trip and fall accident, and affirmatively asserts claims for physical pain and suffering; mental pain, anguish, and distress; medical expenses; loss of enjoyment of life; lost of consortium; loss of society and companionship, and "all other damages which shall be proven at trial of this matter."[4]

14.

Plaintiff alleges that on August 12, 2020, she "tripped and fell sideways onto the ramp area" at the CVS store located at 7777 Bluebonnet Boulevard in Baton Rouge, Louisiana.[5] Plaintiff claims, as a result of this incident, she has suffered injuries to her head, neck, shoulders, headaches, arms, back, legs, and hips."[6]

15.

---

[4] Exhibit A – Plaintiffs' Petition for Damages, ¶¶ 10-11.
[5] Exhibit A – Plaintiffs' Petition for Damages, ¶¶ 2-3.
[6] Exhibit A – Plaintiffs' Petition for Damages, ¶ 9.

Plaintiff's counsel has informed undersigned counsel that Plaintiff underwent surgical repair of her ankle shortly after the alleged incident. Federal courts have generally found there to be sufficient damages to support diversity jurisdiction when a plaintiff has received a surgical recommendation.[7]

16.

In further support of the amount of controversy meeting the requisite threshold provided in 28 U.S.C. §1332, Plaintiff has failed to stipulate prior to removal that her claims do not exceed $75,000.00.

17.

This Court has recognized that a Plaintiff's refusal to stipulate to damages being less than $75,000.00 as a factor in determining whether removal is proper.[8]

18.

Based on the nature and extent of the Plaintiff's alleged damages claims for loss of past and future earnings, and the above-referenced jurisprudence, the requisite amount in controversy is met. Additionally, Plaintiff has not entered any stipulation limiting any award which may be made, nor has she provided any affidavits waiving any recovery above $75,000.00. Thus, Plaintiff has not taken steps to irrevocably limit her potential damage award, which is required by the Fifth Circuit when the injuries described in the Petition for

---

[7] *Fradella v. Wal-Mart Stores, Inc.*, No. CIV.A. 04-1230, 2004 WL 2297474, at *3 (E.D. La. Oct. 13, 2004); *Espadron v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 10-0053, 2010 WL 3168417, at *3 (E.D. La. Aug. 9, 2010).
[8] *Weeden v. PSC Indus. Outsourcing, LP*, CV 19-18-BAJ-EWD, 2019 WL 4023755, at *5 (M.D. La. Aug. 7, 2019), report and recommendation adopted, CV 19-00018-BAJ-EWD, 2019 WL 4023181 (M.D. La. Aug. 26, 2019); *Jacobs v. Fred's Super Dollar Store*, CIV.A. 15-00234-RAJ, 2015 WL 4543060, at *4 (M.D. La. July 27, 2015); *B Dubs, LLC v. Scottsdale Ins. Co.*, CIV.A. 15-65-JWD-RLB, 2015 WL 3651014, at *6 (M.D. La. June 11, 2015).

Damages facially appear to exceed the jurisdictional amount in controversy.[9]  As such, Louisiana CVS (although specifically denying any liability for the damages alleged in the Petition for Damages) submits it is facially apparent from the Petition that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

19.

In accordance with the provisions of 28 U.S.C. § 1446(a), Defendants attach as Exhibit "A" a true and correct copy of all process, pleadings, and orders filed in the matter entitled *Kawanda Coleman v. Louisiana CVS Pharmacy, L.L.C. #1116, Louisiana CVS Pharmacy, L.L.C., CVS Pharmacy, L.L.C., Crawfish, LLC. and XYZ Insurance Company*, bearing docket number C-709995, in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

20.

Louisiana CVS was first served with the Petition on August 5, 2021, so this Notice of Removal is timely filed.  **Exhibit "A"** *in globo.*

21.

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[10]

### CONSENT TO REMOVAL

---

[9] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[10] *See* attached Notice of Filing of Notice of Removal **(Exhibit "B").**

22.

For removal to be proper pursuant to 28 U.S.C. § 1332 and 1441(a), all properly joined and served defendants must consent to or join in the removal of the action.

23.

The only defendant that has been *properly* joined in this action and *served* at the time of the filing of this Notice of Removal, Louisiana CVS Pharmacy, LLC has consented to the removal of this action.  Louisiana CVS Pharmacy, LLC #1116 and CVS Pharmacy, LLC are not proper parties to this litigation.  Crawfish, LLC has not been served as of the date of this filing.[11]

24.

A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, as required by 28 U.S.C. § 1446(d).

**<u>NON-WAIVER OF DEFENSES</u>**

25.

Louisiana CVS reserves any and all available defenses to the claims asserted in the Petition.

---

[11] See Exhibit A, inclusive of Return of Citation of Service on Crawfish, LLC indicating that Crawfish, LLC had not been served as of July 30, 2021 because the address provided in Plaintiff's Complaint could not be found.  As of the date of this filing, the website for the Clerk of Court for East Baton Rouge Parish indicates that Crawfish, LLC has not been served.

**WHEREFORE,** Defendant Louisiana CVS Pharmacy, LLC hereby remove this action to the United States District Court for the Middle District of Louisiana for all further proceedings.

> Respectfully submitted:
>
> **/s/ *Forrest E. Guedry***
> Vance A. Gibbs, Esq. (#1375)
> Vance.gibbs@keanmiller.com
> Katie D. Bell (#29831)
> Katie.Bell@keanmiller.com
> Forrest E. Guedry (#36482)
> Forrest.Guedry@keanmiller.com
> KEAN MILLER, LLP
> 400 Convention Street, Suite 700 (70802)
> Post Office Box 3513
> Baton Rouge, Louisiana 70821
> Telephone: (225) 387-0999
> Facsimile: (225) 388-9133
> ***Counsel for Louisiana CVS Pharmacy, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record via this Court's e-filing (ECF) system and/or U.S. Mail, postage prepaid, as follows:

> Scott M. Emonet
> Philip J. House
> BALFOUR EMONET LAW FIRM
> 318 St. Charles Street
> Baton Rouge, Louisiana 70802
> T: 225-214-4484
> F: 225-214-4487
> *Attorney for Plaintiff*

Baton Rouge, Louisiana this 3rd day of September 2021.

> **/s/ *Forrest E. Guedry***
> Forrest E. Guedry