# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KAWANDA COLEMAN                          CIVIL ACTION

                                                     21-512-SDD-RLB

VERSUS

LOUISIANA CVS PHARMACY, L.L.C.
#1116, LOUISIANA CVS PHARMACY, L.L.C,
CVS PHARMACY, L.L.C., CRAWFISH,
L.L.C., AND XYZ INSURANCE COMPANY

## ORDER

This matter is before the Court on the pending *Motion for Summary Judgment*[1] filed by Defendants, CVS Pharmacy, LLC and Crawfish, LLC ("Defendants"). Local rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. Despite this rule, Plaintiff, Kawanda Coleman ("Plaintiff") failed to timely oppose this motion, which was electronically filed on September 2, 2022. Under the Federal Rules of Civil Procedure and the Local Rules of Court, Plaintiff was required to file an opposition no later than September 23, 2022. On September 15, 2022, Plaintiff moved to extend the response deadline to September 30, 2022.[2] Defendants did not oppose an extension, and the Court granted Plaintiff's request and set the new deadline to respond, September 30,

---

[1] Rec. Doc. 26.
[2] Rec. Doc. 27.

2022.[3] To date, two months later, Plaintiff has not filed an opposition to Defendants' motion.

Therefore, the pending motion is deemed to be unopposed and further, after reviewing the record, the Court finds that the Motion has merit, particularly because Defendants' Statement of Undisputed Facts[4] is uncontroverted, and the summary judgment evidence submitted supports Defendants' arguments.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment*[5] is GRANTED, and Plaintiff's claims are hereby dismissed with prejudice. Any response to this *Ruling*, <u>which should explain Plaintiff's failure to comply with the Court's deadlines</u>, based on the appropriate Federal Rule of Civil Procedure, shall be filed within fourteen (14) days <u>and</u> <u>must</u> be accompanied by an opposition memorandum to the original *Motion*. Counsel for Plaintiff is cautioned that the Fifth Circuit has routinely concluded that calendaring errors do not constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).[6]

Baton Rouge, Louisiana, this 29th day of November, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIA**

---

[3] Rec. Doc. 28.
[4] Rec. Doc. 26-6.
[5] Rec. Doc. 26.
[6] *See, e.g., Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 Fed.Appx. 431, 432 (5th Cir. 2012) (affirming the district court's denial of a Rule 60(b)(1) motion where the lawyer "forgot to 'calendar' the deadline for a response"); *cf. Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed.Appx. 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel.").